**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

```
------------------------------------------------------------
MATTHEW HEARD, individually and on          )
behalf of all others similarly situated,    )
            Plaintiff,                       )
        v.                                   )      Case No.
                                             )
ENTERPRISE BANK & TRUST INC.,                )
            Defendant.                        )
                                             )
                                             )      JURY TRIAL DEMANDED
 ------------------------------------------------------------
```

## COLLECTIVE AND CLASS ACTION COMPLAINT

Matthew Heard ("Plaintiff" or "Named Plaintiff"), by and through his undersigned counsel, hereby makes the following allegations against Enterprise Bank & Trust, Inc. ("EBTI" or "Defendant") concerning its acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of his counsel:

## NATURE OF THE ACTION

1.      Plaintiff brings this action to address Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 *et seq.* ("FLSA") and the Missouri Minimum Wage Law ("MMWL"), Mo.Rev.Stat. §290.500, *et seq.* Plaintiff alleges that Defendant knowingly misclassified their Mortgage Loan Officers as exempt employees and failed to pay them minimum and overtime wages required by federal and state law.

2.      Plaintiff brings the FLSA claim as a collective action under 29 U.S.C. §216(b) seeking unpaid minimum and overtime wages owed for the relevant statutory period. Plaintiff's signed opt-in consent form, along with the consent forms of two other members of the collective action, is attached and incorporated as Group Exhibit A.

1

3.     Plaintiff brings the MMWL claim as a state-wide class action under Fed. R. Civ. P. 23(b)(3) seeking unpaid minimum and overtime wages owed for the relevant statutory period.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00 exclusive of interest and costs and the Parties are residents of different states.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 (supplemental jurisdiction), because these claims arise from the same occurrence or transaction and are so related to Plaintiff's FLSA claim as to form part of the same case or controversy.

6.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendant EBTI is a Missouri corporation with a principal place of business located at 150 North Meramec, St. Louis, Missouri 63105. Defendant has significant business contacts within this District, acts and omissions giving rise to Plaintiff's claims occurred within this District and Defendant has selected this forum as the one in which claims must be brought.

## PARTIES

7.     Plaintiff Heard is an adult citizen of the State of Missouri who Defendant employed as a Mortgage Loan Officer in EBTI's office in Independence, Missouri. During the relevant statutory period, Plaintiff Heard's primary job responsibility was to sell residential mortgage loans to borrowers from inside Defendant's offices. To meet Defendant's productivity requirements, Plaintiff Heard routinely worked more than 40 hours per week. Defendant classified Plaintiff Heard as exempt from federal and state overtime requirements and paid him on a commission-

2

only basis that did not include either required minimum wage payments in workweeks he made no sales or required overtime wage payments for hours he worked beyond 40 per week. Because Plaintiff Heard frequently worked more than 40 hours per week to meet Defendant's productivity requirements, Defendant's practices had the effect of denying him overtime wages in most weeks he worked. Plaintiff Heard has filed an opt-in consent form to join this litigation.

8. Defendant EBTI provides mortgage banking services to consumers in this District, across Missouri and Arizona. At all relevant times, Defendant EBTI has been an "employer" as defined under the FLSA, as well as the state wage laws of Missouri.

## MATERIAL FACTS

9. Pursuant to Defendant's common company-wide policies and procedures, all Mortgage Loan Officers Defendant employed during the relevant period had the same primary job duty: to sell residential mortgage loans from inside an office. They were essentially mortgage salespeople.

10. Plaintiff and the Collective / Class members were not primarily responsible for performing work directly related to the management or Defendant's general business operations, were not primarily responsible for the exercise of discretion and independent judgment with respect to matters of significance to Defendant's business operations and regularly and customarily performed their primary duty from inside an office.

11. Throughout the relevant period, Defendant unilaterally dictated and controlled the terms and conditions of Plaintiff's and the Collective / Class members' employment, including: their employment classification, the nature of their work, their productivity requirements, the policies governing the Plaintiff's and the Collective / Class members' employment, how they recorded their work time and how their wages were calculated.

3

12.     Pursuant to Defendant's common policies and practices, Defendant knowingly suffered or permitted Plaintiff and the Collective / Class members to arrive early for work, stay late at work and perform work-related tasks on weekends to meet Defendant's productivity requirements.  As a result, Plaintiff and the Collective / Class members routinely worked over 40 hours per week.

13.     Defendant did not make or maintain accurate, contemporaneous records of the actual time Plaintiff and the Collective / Class members worked.

14.     Defendant did not pay Plaintiff and the Collective / Class members a guaranteed weekly salary.  Instead, Defendant paid Plaintiff and the Collective / Class members on a commission-only basis that did not include either required minimum wage payments or required overtime wage payments for hours they worked beyond 40 per week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings the FLSA claim as a collective action pursuant to 29 U.S.C §216(b) for himself and the following FLSA collective:

> All individuals who worked as Mortgage Loan Officers for Defendant during the relevant statutory period, were classified as exempt employees and worked weeks in which they did not earn either required minimum or overtime wages.

Plaintiff reserves the right to amend his proposed FLSA Collective definitions as necessary.

16.     Plaintiff believes the Collective consists of in excess of 40 individuals who worked for Defendant as Mortgage Loan Officers in the relevant statutory period.

17.     Plaintiff is a member of the Collective, because he worked for Defendant as a Mortgage Loan Officer, was misclassified as an exempt employee and worked weeks in which he did not earn either required minimum or overtime wages.

4

18.     The members of the FLSA Collective are "similarly situated," as defined by 29

U.S.C. § 216(b) because, among other things:

        a.      Defendant employed the members of the FLSA Collective;

        b.      The members of the FLSA Collective had materially similar job duties, including the same primary job duty;

        c.      None of the FLSA Collective members were primarily responsible for performing work directly related to the management or general business operations of Defendant or its customers;

        d.      The members of the FLSA Collective performed their mortgage sales duties from inside an office.

        e.      Plaintiff and the members of the FLSA Collective routinely worked more than 40 hours per workweek;

        f.      None of the FLSA Collective members were primarily responsible for the exercise of discretion and independent judgment with respect to matters of significance to Defendant's business operations;

        g.      Defendant classified all of the members of the Collective as exempt from federal overtime requirements and paid them on a commission-only basis that did not include either required minimum wage payments in workweeks they made no sales or required overtime wage payments for hours they worked beyond 40 per week;

        h.      Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiff and the FLSA Collective members that did not accurately track all of the hours Plaintiff and the FLSA Collective members worked or cause them to be paid all required minimum or overtime wages; and

        i.      Defendant's labor relations and human resources systems were centrally-organized and controlled, and shared a common management team that controlled the policies at issue here.

19.     Defendant knew that members of the FLSA Collective performed work that

required compensation for minimum wages and/or overtime.  Nonetheless, Defendant engaged in

a concerted scheme to avoid paying members of the FLSA Collective required minimum and

overtime wages by failing to maintain accurate, contemporaneous records of all their work hours, or pay them all minimum and overtime wages owed for all hours they actually worked.

20.     Defendant's conduct, as alleged herein, has been willful and has caused significant damage to Plaintiff and the FLSA Collective members.

## MISSOURI STATE LAW CLASS ACTION ALLEGATIONS

21.     Plaintiff Heard brings his MMWL claim as a class action under Fed. R. Civ. P. 23(b)(3), for himself and the following Missouri Class:

> All individuals who worked as Mortgage Loan Officers for Defendant in Missouri at any time during the relevant statutory period, were classified as exempt employees and worked weeks in which they did not earn either required minimum or overtime wages (the "Missouri Class").

Plaintiff reserves the right to amend their proposed Missouri Class definition as necessary.

22.     Plaintiff Heard is a member of the Missouri Class, because he worked for Defendant as Mortgage Loan Officer in Missouri during the relevant statutory period, was misclassified as an exempt employee and regularly worked weeks in which he did not earn either required minimum or overtime wages.

23.     The members of the Class are so numerous that their joinder would be impracticable.  Plaintiff believes the Missouri Class includes at least 40 individuals.

24.     There are material questions of law or fact common to the members of each Class because, as set forth throughout this filing, Defendant engaged in a common course of conduct that violated their right to minimum and overtime pay.  Any individual questions that may arise will be far less central to this litigation than the numerous common questions of law and fact, including:

    a.     Whether Defendant conducted any audit or other analysis of the duties of the members of each Class before classifying them as exempt;

6

b.      Whether the Class members' duties supported their exempt status;

c.      Whether the Class members worked more than 40 hours per week;

d.      Whether Defendant maintained accurate contemporaneous records of the time worked by the Class members;

e.      Whether the Class members were entitled to receive overtime premium wages for working more than 40 hours in a week;

f.      Whether the Class members have suffered damages, and the proper measure of those damages; and

g.      Whether Defendant willfully failed to pay minimum wages and/or overtime compensation to the Class members.

25.      Named Plaintiff's claims for the state law Class are typical of the claims belonging to all members of the Class. Named Plaintiff is similarly-situated to the members of the Class because Defendant treated all members as exempt from state overtime requirements, subjected them to similar work and compensation policies, and denied them legally-required minimum and overtime premium wages.

26.      The Named Plaintiff will fairly and adequately assert and protect the interests of the absent members of each Class because: there is no apparent conflict of interest between the Named Plaintiff and the absent members of the Class; Counsel for Named Plaintiff has successfully prosecuted many complex Class actions, including state-law wage and hour class actions involving wage claims on behalf of loan officers, and will adequately prosecute these claims; and Named Plaintiff has adequate financial resources to assure the interests of the Missouri Class members will not be harmed because Plaintiff's counsel has agreed to advance the costs and expenses of this litigation contingent upon the outcome of this litigation consistent with the applicable rules of professional conduct.

7

27.     Allowing the members of the proposed Class to pursue their claims as class actions will provide a fair and efficient method for adjudication of the issues presented by this controversy because issues common to all members of each Class (including the propriety of Defendant's classification of the members of each Class as overtime exempt) predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation; and the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims

28.     Given the material similarity of claims belonging to the Class members, even if the individual members of each Class could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds of identical actions.  Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a class action will permit the efficient supervision of these claims, give rise to significant economies of scale for the Court and the Parties and result in a binding, uniform adjudication on all issues.

29.     Allowing the members of the Class as defined above to pursue their claims as a class action is also appropriate because the state law at issue expressly permits private civil lawsuits to recover unpaid overtime wages and other relief.

**COUNT I**
**VIOLATION OF THE FLSA**
**Unpaid Minimum and Overtime Wages**

30.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

31.     Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

32.     Plaintiff and the FLSA collective members are "employees" as defined by 29 U.S.C. §203(e)(1).

33.     The wages Defendant pays to Plaintiff and the FLSA collective are "wages" as defined by 29 U.S.C. §203(m).

34.     Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §203(s)(1)(A).

35.     Plaintiff and the FLSA collective are similarly-situated individuals within the meaning of 29 U.S.C. §216(b).

36.     29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce an employers' failure to comply with their requirements.

37.     Throughout the relevant period, Defendant has been obligated to comply with the FLSA's requirements, Plaintiff and the FLSA collective members have been covered employees entitled to the FLSA's protections, and Plaintiff and the FLSA collective members have not been exempt from receiving wages required by the FLSA for any reason.

38.     29 U.S.C. §206(a)(1)(C), requires employers to pay their employees a minimum wage of at least $7.25 per hour for every hour worked.

39.     Defendant classified the FLSA Collective members as exempt employees and paid them on a commission-only basis.

40.     The FLSA Collective members routinely worked 40 hours or more per week, but received no wages in weeks they made no sales, which happened regularly.

41.     By failing to pay the FLSA Collective members any wages in certain weeks, Defendant committed a clear FLSA minimum wage violation.

9

42.     29 U.S.C. §207(a)(1), requires employers to pay their employees an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

43.     Defendant maintained productivity requirements that routinely caused the FLSA Collective members to work more than 40 hours per week.

44.     Defendant knew its Loan Officers routinely worked more than 40 hours per week to meet Defendant's productivity requirements and that they would face significantly increased labor costs if Loan Officers suddenly began recording all of their actual overtime hours in Defendant's timekeeping system.

45.     As a result, Defendant did not keep an accurate, contemporaneous record of the overtime hours the FLSA Collective members actually worked during the relevant statutory period, or pay them any overtime premium wages for these hours.

46.     By failing to pay the FLSA Collective members at an overtime premium rate for overtime hours they actually worked, Defendant committed a clear FLSA overtime violation.

47.     By engaging in the conduct alleged herein, Defendant has acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

48.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct, because they have been deprived of legally-mandated minimum and overtime wages owed for the relevant statutory period.

## COUNT II
## VIOLATION OF MISSOURI WAGE AND HOUR LAW
### Unpaid Minimum and Overtime Wages

49.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

10

50.     Defendant is an "employer" as defined by MMWL, Mo.Rev.Stat. §290.500(4).

51.     Plaintiff and the Missouri Class Members are "employees" as defined by MMWL, Mo.Rev.Stat. §290.500(3)

52.     The minimum and overtime wages sought by this claim are "wages" as defined by Mo.Rev.Stat. §290.500(7).

53.     Mo.Rev.Stat. §290.527 expressly allows a private plaintiff to bring a civil action to enforce an employer's failure to comply with the requirements of the Act and expressly provides that an agreement between the employer and employee to work for less than the wages required by the Act is not a defense to an action seeking to recover those unpaid wages.

54.     Throughout the relevant period, Plaintiff Heard and the Missouri Class members have been entitled to the protections provided by Missouri Minimum Wage Law, and have not been exempt from these protections for any reason.

55.      Mo.Rev.Stat. §290.502 provides that: every employer shall pay to each employee wages at the rate of $6.50 per hour, or wages at the same rate or rates set under the provisions of federal law as the prevailing federal minimum wage.

56.     Mo.Rev.Stat. §290.505 provides that: "No employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

57.     Mo.Rev.Stat. §290.525(8) provides that a violation of the Act occurs when an employer: "Pays… wages at a rate less than the rate applicable under sections 290.500 to 290.530."

58.     Mo.Rev.Stat. §290.520 require employers to "make and keep for a period of not less than three years on or about the premises wherein any employee is employed or at some other

11

premises which is suitable to the employer, a record of the name, address and occupation of each of his employees, the rate of pay, the amount paid each pay period to each employee, the hours worked each day and each workweek by the employee and any goods or services provided by the employer to the employee as provided in section 290.512."

59. By failing to pay the Missouri Class members any wages in certain weeks, Defendant committed a clear violation of the MMWL's minimum wage and wage payment requirements.

60. By failing to pay the Missouri Class members at an overtime premium rate for overtime hours they actually worked in certain weeks, Defendant committed a clear violation of the MMWL's overtime requirements.

61. By failing to keep accurate contemporaneous records of all hours the Missouri Class members worked, Defendant committed a clear violation of the MMWL's record-keeping requirement.

62. By engaging in the conduct alleged herein, Defendant has acted willfully and/or with reckless disregard for the Missouri Class members' rights under the MMWL.

63. The Missouri Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct, because they have been deprived of legally-mandated minimum and overtime wages owed.

64. The Missouri Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct, because they have been paid below required minimum wage levels for certain work they performed and denied overtime premium wages for overtime work they performed, all of which provided Defendant with a direct and substantial benefit.

WHEREFORE, Plaintiff respectfully prays for an Order:

a.     Granting conditional certification to Plaintiff's FLSA minimum wage claim;

b.     Granting class certification to Plaintiff's claim under the MMWL;

c.     Approving Plaintiff Heard as an adequate Class representative for the Missouri Class;

d.     Appointing James B. Zouras of Stephan Zouras, LLP, as Counsel for the FLSA Collective and the Missouri Class;

e.     Requiring Defendant to provide a list of the names, addresses, phone numbers and e-mail addresses of all FLSA Collective and Missouri Class members to complete the required notice mailings;

f.     Authorizing Counsel to issue an approved form of notice informing the FLSA Collective members of the nature of the action and their right to join this lawsuit;

g.     Authorizing Counsel to issue an approved form of notice informing the Missouri Class members of the nature of this action and their right to opt-out of this lawsuit;

h.     Finding that Defendant willfully violated the FLSA and MMWL by failing to pay required minimum wages to the Collective and Class members;

i.     Finding that Defendant willfully violated the FLSA and MMWL by failing to pay required overtime wages to the Collective and Class members;

j.     Granting judgment in favor of Plaintiff and the FLSA Collective members on their FLSA minimum wage claim;

13

k.      Granting judgment in favor of Plaintiff Heard and the Missouri Class on their claim for violation of the MMWL;

l.      Awarding Plaintiff and the Collective and Class members all available compensatory damages;

m.      Awarding Plaintiff and the Collective and Class members all available liquidated damages;

n.      Awarding Plaintiff and the Collective and Class members all available pre-judgment interest;

o.      Awarding reasonable attorney's fees and costs to Plaintiff on all claims;

p.      Declaring that Defendant willfully violated the FLSA as set forth above and granting an injunction prohibiting Defendant from continuing to violate the FLSA on this basis;

q.      Declaring that Defendant willfully violated the MMWL as set forth above and granting an injunction prohibiting Defendant from continuing to violate the MMWL on this basis;

r.      Awarding any further relief the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in the above-captioned matter.

Respectfully Submitted,

Dated: July 24, 2018          /s/ James B. Zouras
                              James B. Zouras
                              Ryan F. Stephan
                              STEPHAN ZOURAS, LLP

205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601
(312) 233-1550
E-mail:  jzouras@stephanzouras.com


*/s/ Jeffrey J. Carey*
Jeffrey J. Carey (MO Bar No. 46156)
BOYD, KENTER, THOMAS & PARRISH, LLC
229 SE Douglas Street, Suite 210
Lee's Summit, MO 64063
(816) 246-9445; (816) 246-8006 Fax
E-mail: jcarey@bktplaw.com

***Counsel for Plaintiff, the Putative FLSA
Collective and the Putative State-Law Class***